UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ALFREDO VICTORIA NUWAUBIAN
MOOR,

                              Plaintiff,                    10 Civ. 4038 (PKC)

              -against-

                                           MEMORANDUM
                                         <u>AND ORDER</u>

BRIAN FISCHER, et al.,

                            Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Plaintiff Alfredo Victoria, an inmate in the New York Department of Corrections

("DOCS"), who, at all times relevant to the Third Amended Complaint, was incarcerated at

Green Haven Correctional Facility ("Green Haven"), brings suit *pro se* against certain prison

officials at Green Haven seeking damages for violations of rights protected under the United

States Constitution.  Read generously, the Third Amended Complaint asserts claims under 42

U.S.C. § 1983 for excessive force and deliberate indifference to serious medical needs in

violation of the Eighth Amendment.  The defendants now move to dismiss the Third Amended

Complaint.  For the reasons explained below, the motion is granted.

BACKGROUND

          On or about May 17, 2010, plaintiff filed his initial complaint naming Brian

Fischer, DOCS Commissioner, David Paterson, then New York State Governor, William Lee,

Superintendent of Green Haven, and multiple "John Doe" correctional officers.  (Docket # 2.)

By Order dated May 17, 2010, Chief Judge Loretta A. Preska *sua sponte* dismissed plaintiff's

Complaint as against defendants Fischer and Paterson finding such claims barred under the Eleventh Amendment to the United States Constitution.  (Docket # 3.)

Plaintiff has amended his Complaint three times in an attempt to identify the "John Doe" defendants.  (Docket # 6, 7, 13.)  The Third Amended Complaint, filed on or about October 4, 2010, names, in addition to Superintendent Lee, Sergeant O'Connor, Correction Officer Jeffrey MacIsaac, Correction Officer Anthony Cefaloni and Correction Officer Steven Purcell, all Green Haven employees.  (Third Am. Compl. § I.B.)

According to plaintiff's Third Amended Complaint, on December 30, 2009, while housed on H-Block at Green Haven, "[defendant Sgt.] Occoner [sic] held me against the bars while John Doe broke my leg while I Victorio was [hand]cuffed."  (Id. at § II.D.)  Plaintiff further alleges that he was not given medical care for his broken leg "for over 6 days" and that he was "left in isolation with broken leg."  (Id.)  Plaintiff also states that he has "been denied To and From Reports [and] Incident Reports."  (Id.)  Plaintiff seeks monetary damages for the injuries he sustained.  (Id. at § V.)

DISCUSSION

I.      <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A *pro se* complaint is reviewed under "less stringent standards than formal pleadings drafted by lawyers . . . ."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).  A plaintiff's pro se pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'"  <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)).

Rule 8(a)(2), Fed. R. Civ. P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (internal quotation marks omitted) (alteration in original).  To survive a

motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "'Labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" rather, a

plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 555).

       In analyzing a motion to dismiss, consideration is generally limited to the factual

allegations in the complaint.  Rule 12(d), Fed. R. Civ. P.  A court, however, may also consider

documents incorporated by reference or attached to the complaint as exhibits, documents the

plaintiff knew of or possessed and relied upon in framing the complaint and items of which

judicial notice may be taken.  See Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir.

1993).  With respect to the latter, the court may take judicial notice of "the records of state

administrative procedures, as these are public records, without converting a motion to dismiss to

one for summary judgment." Evans v. N.Y. Botanical Garden, 02 Civ. 3591 (RWS), 2002 WL

31002814, *4 (S.D.N.Y. Sept. 4, 2002).  Here, this Court takes judicial notice of the records

maintained by DOCS in connection with the Inmate Grievance Program, including the records of

the Central Office Review Committee ("CORC"), the body that renders final administrative

decision under the program.

    II.    Failure to Allege Personal Involvement

       "It is well settled in this Circuit that personal involvement of defendants in

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid

v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); see Iqbal, 129 S.Ct. at 1948.  Here, the plaintiff fails to allege specific wrongdoing sufficient to constitute personal involvement in the alleged constitutional deprivations as to defendants Lee, MacIsaac, Cefaloni and Purcell.

The only reference to defendants MacIsaac, Cefaloni and Purcell is in the caption of the Third Amended Complaint.  The body of the Third Amended Complaint contains no allegations indicating if or how these defendants were involved in the claimed excessive force or deliberate indifference to serious medical needs.  Additionally, none of the prior versions of plaintiff's complaint contain allegations against these defendants.  "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'"  Dove v. Fordham Univ., 56 F.Supp.2d 330, 335 (S.D.N.Y. 1999) (quoting Morabito v. Blum, 528 F.Supp. 252, 262 (S.D.N.Y. 1981)); accord McCoy v. Goord, 255 F.Supp.2d 233, 257-58 (S.D.N.Y. 2003) (Chin, J.) (holding the same in a claim filed by *pro se* prisoner).

As to defendant Superintendent Lee, the body of the Third Amended Complaint similarly does not contain any allegation indicating if or how Lee was involved in the claimed excessive force or deliberate indifference to serious medical needs.  The prior versions of the complaint contain a single allegation against Lee.  Plaintiff alleges that he grieved to Superintendent Lee in connection with the claimed incident.  (Compl. § IV.F.3; Am. Compl. § IV.F.3; Sec. Am. Compl. § IV.E.)   This single allegation is insufficient to establish that Lee was responsible for the underlying incident, plaintiff's resulting injuries, or his subsequent treatment or lack thereof.  The mere receipt of a letter, complaint or grievance from an inmate is insufficient to establish a claim of personal involvement by a correctional supervisor.  See

Johnson v. Wright, 234 F.Supp.2d 352, 363 (S.D.N.Y. 2002) (collecting cases holding that ignoring prisoners' letters of protest and requests for investigation is insufficient to premise section 1983 liability).

Accordingly, the Third Amended Complaint does not plausibly allege personal involvement on the part of defendants Lee, MacIsaac, Cefaloni and Purcell and as such the defendants' motion to dismiss the Third Amended Complaint as to these defendants is granted.

III.     Failure to Exhaust Administrative Remedies

As to defendant O'Connor, the Third Amended Complaint is dismissed without prejudice for failure to exhaust administrative remedies as required under the Prisoner's Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* (the "PLRA").  This defect also provides an alternative ground for dismissal of the Third Amended Complaint without prejudice against all other defendants named in the action.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  It is non-discretionary and absolute.  See Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.")  In addition, the exhaustion must be "[p]roper," meaning that it must "compl[y] with an agency's deadlines and other critical procedural rules because no adjudicative system can

5

function effectively without imposing some orderly structure on the course of its proceedings."
Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

      As the Second Circuit has explained, "DOCS's grievance process consists of three stages.  First, a grievance is filed with the Inmate Grievance Resolution Committee ("IGRC").  Next, an inmate may appeal an adverse decision to the prison superintendent.  Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC")."
Brownell v. Krom, 446 F.3d 305, 309 (2d Cir. 2006); see Hemphill v. New York, 380 F.3d 680, 682 (2d Cir. 2004) (reviewing the grievance procedure as set forth in the New York Code, Rules and Regulations, tit. 7, § 701 et seq.).  "[A]ll levels of [this process] must be exhausted before a § 1983 action may be brought in federal court."  Murray v. Prison Health Servs., 513 F.Supp.2d 9, 13 (S.D.N.Y. 2007).  DOCS's procedure also provides an "expedited" process for complaints relating to inmate harassment or other misconduct by prison employees.  See Hemphill, 380 F.3d at 682.  However, even when this expedited process is utilized, "the final step in the grievance procedure always remains the appeal to the CORC."  Harrison v. Goord, 07 Civ. 1806 (HB), 2009 WL 1605770, *5 (S.D.N.Y. June 9, 2009) (internal quotation marks omitted).

      Here, plaintiff did not exhaust his administrative remedies.  On January 1, 2010, plaintiff filed Grievance # 68744-10 with IRGC at Green Haven seeking redress for the December 30, 2009 incident described above.  (Grievance # 68744-10, attached at Am. Compl.)  Plaintiff's grievance was denied and plaintiff appealed the denial to Superintendent Lee.  On March 31, 2010, the Superintendent denied the grievance.  (Denial of Grievance # 68744-10, attached at Karen Bellamy Decl. Ex. A.)  The plaintiff did not appeal the denial of the grievance to CORC, as required under the PLRA.  Plaintiff does not allege that he filed with CORC, only that he appealed the denial of the grievance to Superintendent Lee and wrote a letter to then

Governor Paterson claiming false imprisonment and seeking a pardon.  (Compl. § IV.F.3; Am.

Compl. § IV.F.3; Sec. Am. Compl. § IV.E.; March 2010 Letter to Governor Paterson, attached at

Am. Compl.)  Moreover, there is no record of an appeal of Grievance # 68744-10 in the database

maintained by CORC.  (Bellamy Decl. ¶ 5, Record of Appeals to CORC, attached at Bellamy

Decl. Ex. B.)

        On or about May 16, 2011, approximately two months after the deadline for

submitting opposition to defendants' motion to dismiss, plaintiff filed an affirmation countering

defendants' claim that he failed to exhaust his administrative remedies in connection with the

claimed incident.  (Docket # 33.)  Annexed to plaintiff's affirmation are Grievance # 51026-11

and a memorandum indicating receipt of this grievance by CORC.  Grievance # 51026-11, filed

on March 4, 2011, approximately a year after Superintendent Lee denied plaintiff's original

grievance and three weeks after defendants filed for dismissal, provides:  "Grievance program

not processing grievances.  Grievances not making it to CORC preventing access to the courts,

denying meaningful access to the courts.  US const. eighth amendment violation petitioner

request that assault grievances be processed GH-68744-10 assault on block to exhaust state

remedies.  File grievance through proper channels."  (Grievance # 51026-11, attached at Pl's

Opp.)  Generally, a court may not consider affidavits and exhibits submitted by the parties or

rely on factual allegations contained in legal briefs or memoranda.  See Friedl v. City of New

York, 210 F.3d 79, 83-84 (2d Cir. 2000).  However, even if this Court were to generously read

the facts set forth in plaintiff's affirmation and the attached grievance as being raised in his Third

Amended Complaint, plaintiff has not established that he has exhausted his administrative

remedies.

First, Grievance # 51026-11 does not concern the excessive force or deliberate indifference alleged to have occurred on December 30, 2009.  As such, the exhaustion of administrative remedies in connection with this grievance does not satisfy the exhaustion requirement as to the incident complained here.  Moreover, even if this Court were to generously read Grievance # 51026-11 as sufficiently concerning the underlying incident, "post-exhaustion amendment of pleadings filed originally before exhaustion to reflect that exhaustion has become complete cannot cure the original non-exhaustion defect."  Kasiem v. Switz, 756 F.Supp.2d 570, 575 (S.D.N.Y. 2010) (citing Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), *abrogated in part on other grounds by* Porter v. Nussle, 534 U.S. 516 (2002)).

Second, even liberally construed, the facts alleged in Grievance # 51026-11 do not set forth a plausible argument excusing plaintiff's failure to exhaust administrative remedies. See Hemphill, 380 F.3d 680, 686 (stating that "where a prisoner plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA," the court engages in a three-part inquiry in to whether the failure is excusable, considering the availability of remedies, whether defendant is estopped or has forfeited its non-exhaustion defense or whether special circumstances exist).  Plaintiff does not allege facts from which to conclude that he appealed Grievance # 68744-10 to CORC and that it was not processed or that he attempted to appeal Grievance # 68744-10 to CORC and that he was prevented from doing so by any Green Haven official.  Moreover, it is clear from the extensive record of grievances appealed by this plaintiff to CORC – approximately thirty since 2002, including one appealed to CORC while incarcerated at Green Haven (filed after Grievance # 68744-10) – that the full range of administrative remedies was available to plaintiff and that he knew how to navigate DOCS' three-tiered grievance system.  Finally, the document plaintiff

received from Superintendent Lee denying Grievance # 68744-10 included a notification of the time limits to appeal to CORC and an "appeal statement" that plaintiff could sign and return to the Inmate Grievance Clerk indicating that he wished to appeal the denial to CORC.

CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is GRANTED. (Docket # 24.)  Counsel for defendants is directed to transmit copies of all unreported decisions cited herein to plaintiff.  The Clerk is directed to enter judgment for the defendants.


SO ORDERED.

P. Kevin Castel
United States District Judge


Dated: New York, New York
       July 21, 2011

9